IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SCHWARZ | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:  4:18-cv-3516 |
| | § | |
| TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY AND | § | |
| MICHAEL LOUDERMILK | § | |

## NOTICE OF REMOVAL

Defendant Travelers Home and Marine Insurance Company ("Travelers"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Michael Schwarz v. Travelers Home and Marine Insurance Company and Michael Loudermilk,* Cause No. 2018-55978, in the 281st Judicial District Court of Harris County, Texas. In support of this Notice of Removal, Travelers respectfully represents the following:

1. Michael Schwarz ("Plaintiff") commenced the captioned insurance bad faith action on August 17, 2018, by filing Plaintiff's Original Petition (the "Petition") in the 281st Judicial District Court of Harris County, Texas.  Travelers was served on September 4, 2018.

2. Copies of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith.  [*See* Index of Matters Being Filed, (a) Plaintiff's Original Petition and Requests for Disclosure filed 8/17/18; (b) Citation/Certified Mail tracking number 7017 1450 0001 3702 8707; (c) Citation/Certified Mail tracking number 7017 1450 0001 3702 8776; (d) Certified Mail Receipt number 7017 1450 0001 3702 8776; (e) Certified Mail Receipt number 7017 1450 0001 3702 8707; (f) Notice of Election and Request Dismissal under 542A with

Proposed Order; and (g) docket sheet.].

3. The Petition avers that Plaintiff is a resident of Harris County, Texas.[1] The Petition alleges that Travelers is "an insurance company engaging in the business of insurance in the State of Texas"[2] and acknowledges that Travelers is organized under the laws of the State of Connecticut.[3] In fact, Travelers is a Connecticut corporation whose principal place of business is in the state of Connecticut.

4. The Petition alleges that Michael Loudermilk ("Loudermilk") is an insurance adjuster engaging in the business of insurance in the State of Texas[4] and domiciled in Texas.[5] However, Loudermilk's citizenship should be disregarded because Plaintiff improperly joined him as a party for the sole purpose of defeating diversity of citizenship in this case.

5. The Petition alleges that Plaintiff is the named insured in the Travelers policy subject of this lawsuit.[6] The Petition also alleges that Plaintiff owns property located in Harris County, Texas insured under an Insurance Policy issued by Travelers.[7] The Petition alleges that Hurricane Harvey struck in August of 2017 and Plaintiff's home was damaged as a result of the storm.[8] The Petition further alleges Plaintiff reported the claim to Travelers.[9] The Petition alleges Travelers dispatched an adjuster to investigate but the Travelers' adjuster closed the claim.[10] Further, the Petition alleges that "the adjusters handled the claim in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim. For example, Loudermilk denied Plaintiff's claim for roof damage even though he found several

---

[1] Petition, ¶ 2.
[2] Petition, ¶ 3.
[3] Petition, ¶ 7.
[4] Petition, ¶ 4.
[5] Petition, ¶ 8.
[6] Petition, ¶¶ 12.
[7] Petition, ¶¶ 9, 12-14.
[8] Petition, ¶ 13.
[9] Petition, ¶ 14.
[10] Petition, ¶ 14.

storm created openings in the roof that allowed water to penetrate the interior."[11]

6. Plaintiff further alleges that "Loudermilk misrepresented that the Espana style tiles are still available and that the roofing structure did not have to be decked. Both statements are false and were designed to deny the claim."[12] Plaintiff also alleges that "Loudermilk made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: the terms of the policy or the benefits or advantages promised by the policy when he denied Plaintiff's demand for appraisal because there is not covered damage to the roof to appraise. This was also a misrepresentation of a material fact or policy provision relating to coverage at issue."[13] Plaintiff also alleges "Loudermilk also lied and told Plaintiff that City Code does not require decking which is false."[14] Finally, Plaintiff alleges "Travelers admitted that there were at least 10-12 broken tiles on Plaintiff's roof yet Loudermilk only allowed payment for 2 damaged tiles."[15] Plaintiff alleges Defendants Travelers and Loudermilk "set out to deny or underpay a properly covered loss to Plaintiff's detriment."[16]

7. Plaintiff asserts the following causes of action against Travelers and Loudermilk, for (1) breach of contract; (2) unfair or deceptive acts or trade practices; (3) breach of common law duty of good faith and fair dealing; and (4) breach of the prompt payment of claims act.

8. Travelers does not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, Travelers expressly denies that it has any liability to Plaintiff.

---

[11] Petition, ¶ 17.
[12] Petition, ¶ 19.
[13] Petition, ¶ 35.
[14] Petition, ¶ 36.
[15] Petition, ¶ 38.
[16] Petition, ¶¶ 14 & 22.

3

9. This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

10. Consent to this removal by Loudermilk is unnecessary as he was improperly joined as a party.

## LOUDERMILK IS IMPROPERLY JOINED

11. Improper joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[17] If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional purposes.[18] The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts, or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[19] A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[20]

12. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S 662, 678, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[21] In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n. 3, 127 S. Ct. 1955, 1965 (2007), the U.S. Supreme Court noted that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Although *Twombly* and *Iqbal* dealt with rule 12(b)(6) motions to dismiss, the analysis for

---

[17] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).
[18] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).
[19] *Id.* (citations omitted).
[20] *Smallwood* 385 F. 3d at 573 n 9, *quoting* Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[21] *Iqbal,* 556 U.S at 679.

4

improper joinder is the same as with a 12(b)(6) motion, because in this motion the court has to determine whether there is a reasonable basis to predict that Plaintiff will be able to establish a cause of action against Loudermilk.[22] This analysis is conducted under the federal court pleading standards, not the more liberal state court "notice pleading" rules.[23] The Rule 12(b)(6) federal pleading standard was articulated by the Supreme Court in *Twombly*: "To pass muster under Rule 12(b)(6) a complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'"[24]

13. Loudermilk has been improperly joined in this case because none of the claims asserted by Plaintiff provide a basis to recover against Loudermilk. Loudermilk committed no independent tort in his individual capacity, and there is no possibility of Plaintiff establishing a cause of action against him.

14. First, any contract Plaintiff had was with Travelers, not Loudermilk. Thus, there is no possibility of Plaintiff establishing a breach of contract claim or a claim for breach of the duty of good faith and fair dealing against Loudermilk.[25] Insurers owe their insured a duty of good faith and fair dealing in processing claims because of the "special relationship" created when the insurer and insured "are parties to a contract that is the result of unequal bargaining powers and by its nature allows unscrupulous insurers to take advantage of their insureds."[26] Because the insured and the adjuster are not parties to a contract, "the adjuster owes the claimant no duty of good faith and fair dealing."[27] Loudermilk, as the adjuster in this case, is not party to

---

[22] *Smallwood,* 385 F.3d at 573.
[23] *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited, at al.*, 818 F.3d 193 (5th Cir. 2016).
[24] *Id.* at 200, *citing Reese v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007) ).
[25] *Messersmith v. Nationwide Mutual Fire Ins. Co.*, 10 F.Supp.3d. 721, 723 (N.D. Tex. 2014); *Blanchard v. State Farm Lloyd's*, 206 F.Supp.2d 840, 845 (S.D. Tex. 2001).
[26] *Milner v. City of Leander*, 64 S.W.3d 33, 41 (Tex. App. – Austin 2000).
[27] *Id.*

a contract with Plaintiff, and so does not owe Plaintiff a duty of good faith and fair dealing. There is no possibility, therefore, of Plaintiff establishing a breach of the duty of good faith and fair dealing claim against Loudermilk.

15.     Chapter 542 of the Texas Insurance Code, commonly known as the Prompt Payment of Claims Act, applies only to insurers. Loudermilk is not an insurer, so he cannot be held liable under this chapter.[28]

16.     Plaintiff alleges that Loudermilk violated his duties under Section 541.060 of the Texas Insurance Code.[29] Specifically, Plaintiff alleges that Loudermilk "made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: the terms of the policy or the benefits or advantages promised by the policy when he denied Plaintiff's demand for appraisal because there is not covered damage to the roof to appraise. This was also a misrepresentation of a material fact or policy provision relating to coverage at issue."[30] Further, Plaintiff alleges "Loudermik also lied and told Plaintiff that City Code does not require decking which is false."[31] Further, Plaintiff alleges "Defendants misrepresented to Plaintiff the cause and extent of damage to his property. This was an untrue statement of material fact."[32] Plaintiff further alleges that "Travelers admitted that there were at least 10-12 broken tiles on Plaintiff's roof yet Loudermilk only allowed payment for 2 damaged tiles."[33]

17.     Plaintiff's Texas Insurance Code Chapter 541 claims fail as to Loudermilk because Plaintiff does not allege any facts to show that Loudermilk could be held individually

---

[28] *Messersmith*, 10 F.Supp.3d at 723 (First, the Prompt Payment of Claims Act applies only to insurers…. Zimmer is not an insurer so she cannot be held liable under it.").
[29] Petition, ¶¶ 33-40.
[30] Petition, ¶ 35.
[31] Petition, ¶ 36.
[32] Petition, ¶ 37.
[33] Petition, ¶ 38.

6

liable separate and apart from Travelers. For these allegations, Travelers concedes that under Texas law, individual adjusters like Loudermilk can be held individually liable for violations of Chapter 541.[34] For an adjuster to be held individually liable, however, "they must have committed some act that is prohibited by the section, *not just be connected to an insurance company's denial of coverage.*"[35] Where, as here, Plaintiff does not assert facts to show that Loudermilk, individually, committed an actionable violation of the Texas Insurance Code giving rise to damages that are independent of the alleged contractual harm caused by the insurer, such claims cannot survive dismissal.[36]

18. In this context, the federal district courts in Texas have required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[37] Plaintiff alleges that Loudermilk "denied Plaintiff's claim for roof damages even though he found several storm created openings in the roof that allowed water to penetrate the interior."[38] In fact, even this assertion is false. On his initial investigation of the insured property, Loudermilk found damage and issued an estimate to repair the damages totaling $10,084.83 replacement cost value.[39] Plaintiff also alleges that "Loudermilk misrepresented that the Espana style tiles are still

---

[34] *Messersmith*, 10 F.Supp.3d. at 724.
[35] *Id.*
[36] *See Nasti v. State Farm Lloyds*, 2014 WL 234352 (S.D. Tex. Feb. 24, 2014) (where petition alleged that adjuster inspected the property and submitted an undervalued estimate to the insurer, "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).
[37] *Okenkpu v. Allstate Texas Lloyd's*, Civ, A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No, H-10-1846, 2011 WL 240335,- *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ, A, No. H-11-123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ, A, No, 14-10-4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, *3 (March 16, 2001)).
[38] Petition, ¶ 17.
[39] Declaration of Michael Loudermilk at ¶¶ 2-3.

available and that the roofing structure did not have to be decked."[40]  Again, this assertion is false.  Loudermilk did not issue any correspondence or provide information regarding tile availability and roof decking as this was done following reassignment of the claim to other adjusters.[41]  Plaintiff also alleges that "Loudermilk made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy . . . when he denied Plaintiff's demand for appraisal because there is not covered damage to the roof to appraise." [42] This assertion is also false.  Loudermlk did not issue the correspondence dated February 28, 2018 addressing Plaintiff's appraisal request.[43]  Finally, Plaintiff alleges that "Loudermilk also lied and told Plaintiff that City Code does not require decking which is false." [44]  Again, this is false.  Loudermilk did not issue any correspondence or provide information regarding the City Code and roof decking as this was done following reassignment of the claim to other adjusters. [45] Thus, Plaintiff does not make any allegation of "specific actionable conduct" implicating Loudermilk separate and apart from the damages asserted for Travelers' claim decisions.[46]  As a result, there is no possibility of Plaintiff establishing a Chapter 541 claim against Loudermilk.[47]

19.    For the most part, Plaintiff's allegations against Loudermilk are made together with Travelers such that allegations against Loudermilk individually are not distinguishable.  The allegations asserted as to Loudermilk alone do not support a cause of action against him.  The allegations against Loudermilk only are:

---

[40] Petition, ¶ 19.
[41] Declaration of Michael Loudermilk at ¶¶ 5-7.
[42] Petition, ¶ 35.
[43] Declaration of Michael Loudermilk at ¶¶ 5-7.
[44] Petition, ¶ 36.
[45] Declaration of Michael Loudermilk at ¶¶ 5-7.
[46] *Griggs*, 181 F.3d at 700 (5th Cir. 1999) (holding that a showing of a possibility of establishing a state law claim requires the pleading of "specific actionable conduct" implicating the non-diverse defendant).
[47] *Messersmith*, 10 F.Supp.3d. at 724.

- Loudermilk "denied Plaintiff's claim for roof damages even though he found several storm created openings in the roof that allowed water to penetrate the interior."[48]

- "Loudermilk misrepresented that the Espana style tiles are still available and that the roofing structure did not have to be decked."[49]

- "Loudermilk made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy . . . when he denied Plaintiff's demand for appraisal because there is not covered damage to the roof to appraise."[50]

- "Loudermilk also lied and told Plaintiff that City Code does not require decking which is false."[51]

20. The first bullet point relates to the initial adjustment of the claim asserted for damage at the covered property located at 5603 Wooded Villas Drive, Kingwood, Texas and does not give rise to liability on Loudermilk's part. The remaining allegations are false as these actions are not attributable to Loudermilk.[52] There is no allegation that Loudermilk's investigation was improper, and in fact he did find damage for which he issued an estimate.[53] The claim decision at that point was based on all of the available information and Plaintiff did not present information or ask that the claim be reopened by Loudermilk.[54]

21. The allegations contained in the second through fourth bullet points do not support a claim against Loudermilk because Loudermilk was not involved in the adjustment of the claim when the referenced events occurred.[55]

22. This Court should find that Loudermilk was improperly joined for purposes of diversity jurisdiction.

---

[48] Petition, ¶ 17.
[49] Petition, ¶ 19.
[50] Petition, ¶ 35.
[51] Petition, ¶ 36.
[52] Declaration of Michael Loudermilk at ¶¶ 5-7.
[53] Declaration of Michael Loudermilk at ¶¶ 2-3.
[54] Declaration of Michael Loudermilk at ¶¶ 2-4.
[55] Declaration of Michael Loudermilk at ¶¶ 5-7.

## DIVERSITY JURISDICTION

23.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is, therefore, removable to this Court pursuant to 28 U.S.C. § 1441 (a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a Texas resident.  Travelers is a Connecticut corporation whose principal place of business is in the state of Connecticut.  As discussed above, while Loudermilk is a resident of the State of Texas, his citizenship is irrelevant for diversity purposes because he was improperly joined.  Consequently, there is complete diversity of citizenship.

24.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a).  In the Petition, Plaintiff alleges that it seeks "monetary relief over $200,000 but not more than $1,000,000."[56] Plaintiff also seeks additional and consequential damages, interest, exemplary damages, and attorneys' fees.[57] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[58]

25.     Further, plaintiffs in Texas are not limited to the recovery of damages requested in their pleadings.  "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…."[59] "The general principal is that Plaintiffs will have to show that they are bound irrevocably by their state pleadings."[60]

26.     No binding stipulation or affidavit was filed with Plaintiff's Petition.

---

[56] Petition, ¶ 6.
[57] Petition, ¶¶ 32,50,51, and Prayer.
[58] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326 (5th Cir. 2000).
[59] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).
[60] *Id.* at 1412, n. 10.

## **REMOVAL PROCEDURE**

27. The clerk of the 281st Judicial District Court of Harris County, Texas has been provided notice of this removal.

28. The following exhibits are attached hereto and incorporated herein by reference:

    a. Index of matters being filed;

    b. List of all parties and counsel of record;

    c. Copy of all pleadings, process, and orders served upon defendants; and

    d. Notice of Removal to State Court

WHEREFORE, ASI hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder
Texas Bar No. 24072938
Federal ID No. 1096795
lschexnyder@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70810
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
ATTORNEY FOR DEFENDANT,
TRAVELERS HOME AND MARINE INSURANCE
AND MICHAEL LOUDERMILK

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of October, 2018, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

Mr. Clifford K. Nkeyasen
CLIFFORD K. NKEYASEN, PLLC
4310 N. Central Expy, Suite 103
Dallas, TX 75206
Fax: 214-292-9494
clifford@coveragedenied.com

                                                 */s/ LaDonna G. Schexnyder*
                                                 LaDonna G. Schexnyder